

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. S. M. Lister
Chairman, Texas Prison Board
Houston, Texas

Dear Dr. Lister:                    Opinion No. O-5039

Re: Can Texas Prison Board make
a contract with the Board
of Regents of State Teachers
College to use Prison labor
to construct two new dormi-
tories on the campus of the
San Houston State Teachers
College?

Your letter of January 12, 1943, submitting
the above question has been given our careful consider-
ation.

Article 6166a, of the Revised Civil Statutes,
reads in part as follows:

"All prisoners shall be worked within
the prison walls and upon farms owned or
leased by the State; and in no event shall
the labor of a prisoner be sold to any con-
tractor or lessee to work on farms or else-
where, nor shall any prisoner be worked on
any farm or otherwise upon shares except
such farm be owned or leased by the State
of Texas."

In our Opinion No. O-4727 to Mr. Riley Wyatt,
a member of the Texas Prison Board, written July 31,
1942, we held that the Board did not have authority to
permit convict labor to be used in harvesting crops for
private individuals.

In our Opinion No. O-4322, addressed to you,
and dated April 15, 1942, we held the Texas Prison Board

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

did not have authority to permit the use of trusted prisoners to State officials, members of the Prison Board, and employees of the Prison System.

You, of course, have copies of these opinions.

Our attention has been called to Article 634 1/2 of the Revised Civil Statutes passed in 1929, which reads:

> "The Board of Control is hereby authorized to make contracts with the State Prison Board for the purchase of supplies, * * * other labor for use of the State in any of its departments, commissions, boards, offices or eleemosynary or educational institutions including any and all supplies, equipment, material or labor purchased or used by or for the State under the direction of the Board of Control."

This Article refers only to the Board of Control. It does not give any other board or agency of the State the powers therein contained.

Article 2647, of the Revised Civil Statutes, provides that the State Teachers Colleges shall be under the control of the Board of Regents, consisting of nine persons. Section 1 of said Article reads in part as follows:

> "(1) The Board of Regents of the State Teachers Colleges is charged with the responsibility of the general control and management of all State Teachers Colleges for white persons, and may erect, equip and repair buildings."

We talked with Dr. Lohman, the President of the Sam Houston State Teachers College, and we understand from what he said that either he or the Board of Regents of the State Teachers College expect to make the contract for the erection of the proposed buildings, and superintend their construction. If this is true, then the State Prison Board is not authorized to make a contract with him or said Board to furnish prisoners to do any portion of the work, either for compensation or without compensation.

Dr. S. M. Lister - page 3

Since the State Board of Control is not involved, we do not pass on the question as to its powers under said Article 634 1/2 to make a contract with the State Prison Board to furnish laborers to work on State buildings being constructed under the supervision and control of said Board.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Geo. W. Barcus

Geo. W. Barcus
Assistant

GWB-MR

APPROVED JAN 20, 1943

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN